IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TIMOTHY ERIC RITESMAN, | CV 18-00133-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| GREAT FALLS REGIONAL PRISON, COUNTY OF CASCADE, et al., | |
| Defendants. | |

Plaintiff Timothy Ritesman, a state prisoner proceeding without counsel, filed a "Complaint of Medical Malpractice & Tort Negligence" in the Montana Eighth Judicial District Court, Cascade County.  (Doc. 4.)  On October 22, 2018, Defendants filed a Notice of Removal on the grounds that Mr. Ritesman asserted a claim under 42 U.S.C. § 1983 alleging that his Eighth Amendment rights under the United States Constitution were violated when he was given the wrong medication while an inmate at the Cascade County Regional Prison.  (Doc. 1 at 2.)  The state court granted Mr. Ritesman leave to proceed in forma pauperis.  (Doc. 5.)

Mr. Ritesman has failed to state a federal claim upon which relief may be granted.  Accordingly, the Court recommends that the federal claims be dismissed and this matter remanded to state court.

1

## I. STATEMENT OF THE CASE

### A.    Parties

Mr. Ritesman is a state prisoner currently incarcerated at Montana State Prison in Deer Lodge, Montana.  At all times relevant to his Complaint he was incarcerated at the Cascade County Regional Prison.  He names the Great Falls Regional Prison and Cascade County as Defendants.  (Complaint, Doc. 4 at 1.)

### B.  Allegations

Mr. Ritesman alleges that while incarcerated at the Cascade County Regional Prison in 2016-2017 he was given the wrong prescription heart medication which was approximately three times the strength of his medications. He claims he notified the woman who gave him the medications and a correctional officer that he thought the medications looked wrong.  The woman told Mr. Ritesman that he was supposed to be getting the larger dosage.  After a lengthy discussion, Mr. Ritesman went back to his cell and took the medications as directed for fear of non-compliance disciplinary actions.

Within fifteen minutes Mr. Ritesman was called on the cell intercom and told to immediately bring back his "blister pack."  He was then told he had been given the wrong medications.  He requested to have his stomach pumped and was told to not worry about it.  He claims that he thereafter became dizzy and fell

down.  He alleges this constituted negligence and deliberate indifference to a medical need.   (Complaint, Doc. 4 at 1-2.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Although not requested by Defendants, Mr. Ritesman is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That

3

is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

4

If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### A.  Defendants

#### 1.  Great Falls Regional Prison

The Defendants section of the case style for the Complaint names "Great Falls Regional Prison, County of Cascade." (Doc. 1-1 at 1.)  Defendants represent in their Notice of Removal that the Cascade County Regional Prison (referred to in the case style as the Great Falls Regional Prison) is a sub-unit of Cascade County and not a separate jural entity.  Defendants contend that the only properly named Defendant is Cascade County.  (Doc. 1 at 1, n. 1.)  The Court agrees.  The Cascade County Regional Prison is not an entity capable of being sued.  In Montana, a detention center is defined as "a facility established and maintained by an

appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center."  Mont.Code Ann. § 7–32–2120.  The prison is merely a building that cannot be sued.  *Barnes v. Missoula County Detention Facility*, 2008 WL 5412448 (D.Mont. 2008).

### 2.  Cascade County

A municipal entity like Cascade County has no respondeat superior liability under Section 1983; that is, the County has no liability under the theory that it is liable simply because it employs a person who has violated plaintiff's rights.  *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  However, municipal entities such as the County are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort.  *Monell*, 436 U.S. at 690.

To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. # 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotations omitted).  For municipal liability, a plaintiff must

plead sufficient facts regarding the specific nature of the alleged policy, custom, or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636–37 (9th Cir. 2012). It is not sufficient to merely allege that a policy or custom existed or that individual officers' wrongdoing conformed to a policy or custom. *See id.* at 636–68.

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Ratification of the decisions of a subordinate by an official with final decision-making authority can also be a policy for purposes of municipal liability under § 1983. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

Mr. Ritesman's allegations are insufficient to establish municipal liability under § 1983. He makes no reference to a policy, custom, or practice that was the moving force behind a constitutional violation. As such, he has failed to state a federal constitutional claim against Cascade County.

## B. Eighth Amendment

To prevail on an Eighth Amendment medical care claim, a prisoner must

demonstrate "deliberate indifference to serious medical needs." *Jett v. Penner*,

439 F.3d 1091, 1096 (9th Cir. 2006) (*citing Estelle v. Gamble*, 429 U.S. 97, 104

(1976)).  There are two prongs to the deliberate-indifference analysis.  First, a

prisoner must show a "serious medical need." *Jett*, 439 F.3d at 1096 (citations

omitted).  A "serious medical need exists if the failure to treat a prisoner's

condition could result in further significant injury or the unnecessary and wanton

infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)

(internal citation and quotation marks omitted).  Examples of a serious medical

need include: "[t]he existence of an injury that a reasonable doctor or patient

would find important and worthy of comment or treatment; the presence of a

medical condition that significantly affects an individual's daily activities; or the

existence of chronic and substantial pain." *McGuckin*, 974 F.2d at 1059–60.

Second, a prisoner must show that the defendant's response to that need was

deliberately indifferent. *Jett*, 439 F.3d at 1096.  This second prong is met if the

prisoner demonstrates: (1) a purposeful act or failure to respond to a prisoner's

medical need, and (2) harm caused by the indifference. *Id.*  "To show deliberate

indifference, the plaintiff 'must show that the course of treatment the doctors

chose was medically unacceptable under the circumstances' and that the

defendants 'chose this course in conscious disregard of an excessive risk to

8

plaintiff's health.' " *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012)(*quoting Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).  Prison officials may be deliberately indifferent if they deny, delay, or intentionally interfere with medical treatment.  *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (*citing Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Soon Hwang Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); *McGuckin*, 974 F.2d at 1059 (same).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Mr. Ritesman has not alleged that receiving an increased dosage of heart medication constituted a serious medical need.  His only allegation is that the

increased dosage caused him to become dizzy such that he fell down. He has not alleged that the increased dosage resulted in "further significant injury or the unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

Even if he could establish a serious medical need, under the liberal standard applied to pro se pleadings, his allegations are insufficient to establish deliberate indifference. Mr. Ritesman has not alleged facts which suggest that his claim rises above the level of potential negligence to the level of deliberate indifference. Mr. Ritesman has alleged, at most, that staff was negligent in administering medication to him. Although Mr. Ritesman expressed his concern to staff that he thought the medications looked wrong, the medical person who provided the medications said he was supposed to be getting a larger dose. Further, staff attempted to correct the mistake within fifteen minutes. A single, accidental, dose of the wrong medication does not amount to an unconstitutional deliberate indifference to a prisoner's serious medical needs.

As set forth above, negligence, medical malpractice, or even gross negligence are not enough to violate the Constitution. *Broughton*, 622 F.2d at 460; *Estelle*, 429 U.S. at 105-06; *Toguchi*, 391 F.3d at 1057; *McGuckin*, 974 F.2d at 1059; *Wood*, 900 F.2d at 1334. Instead, deliberate indifference requires

evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless. *Farmer*, 511 U.S. at 837. Taking all of Mr. Ritesman's factual allegations as true, does "not permit the court to infer more than the mere possibility of misconduct." Thus, Mr. Riteman has not shown that he is entitled to relief. *See* Fed.R.Civ.P. 8(a)(2)).

## III.  CONCLUSION

28 U.S.C. §§ 1915, 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Mr. Ritesman has failed to state a federal claim for relief. The defects set forth above could not be cured by the allegation of additional facts. When the federal claims that served as the basis for removal are eliminated, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action. 28 U.S.C. § 1367(c)(3). Should Judge Morris accept the recommendation to dismiss Mr. Ritesman's federal claims, the only remaining

11

claims in the Complaint would be based on state law.

Given the lack of federal claims, coupled with the early stage of the litigation, the Court should exercise its discretion and remand this case to the state court from which it was removed. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (a district court has discretion to remand a properly removed case to state court when no federal claims are remaining, "upon a proper determination that retaining jurisdiction over the case would be inappropriate."); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court.").

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Ritesman's federal claims should be dismissed.

2. The Court should decline to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c)(3) and remand this case to the Eighth Judicial District Court of the State of Montana, Cascade County.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within 14 days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of December, 2018.

    */s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail). . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Ritesman is being served by mail, he is entitled an additional three days after the period would otherwise expire.

13